UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60004-CR-COHN/SELTZER

UNITED STATES OF AMERICA,

v.

ROANNE EYE,

     Defendant.

_____/

## ORDER GRANTING IN PART GOVERNMENT'S MOTION IN LIMINE RE: TAX PROTESTER ARGUMENTS

**THIS CAUSE** is before the Court on the Government's Motion in Limine to

Preclude Tax Protester Arguments [DE 53]. The Defendant did not file a response, and

the time for doing so has long expired. The Court has considered the motion and is

otherwise advised in the premises.

The Government anticipates that the Defendant "will seek to testify about, allude

or refer to, or argue to the jury," DE 53 at 2, the following statements:

    (a)    Individuals are not liable for income taxes;
    (b)    Wages are not income;
    (c)    The Sixteenth Amendment was not properly ratified;
    (d)    Filing income tax returns is voluntary;
    (e)    The defendant is not a "person" or "citizen" within the meaning of the Internal Revenue Code;
    (f)    Federal Income Tax laws are unconstitutional; or
    (g)    State or Commonwealth Citizenship exempts a person from Federal Income Tax requirements.

Id. at 2-3. Each of these statements is an issue of law, which is generally a question for

the Court, not the jury. However, a good faith defense to wilfulness in tax cases is a

question for the jury. See United States v. Cheek, 498 U.S. 192, 202, 205-06 (1991).

Therefore, the Defendant may introduce material regarding her state of mind as it

relates to the good faith defense.  To do so, the Defendant must first lay a proper foundation which demonstrates that she actually relied upon the specific material that is being offered.  It is therefore

**ORDERED AND ADJUDGED** that the Government's Motion in Limine to Preclude Tax Protester Arguments [DE 53] is hereby **GRANTED in part and DENIED in part**.  The Defendant is precluded from admitting material that was not actually relied upon or which would otherwise confuse the jury, but the Defendant may introduce material regarding her state of mind with respect to the good faith defense as long as she first lays a proper foundation demonstrating that she actually relied upon the material that is being offered.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 19th day of September, 2011.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
Roanne Eye, *pro se*, via CM/ECF regular mail