UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60004-CR-COHN/SELTZER

UNITED STATES OF AMERICA,

v.

ROANNE EYE,

Defendant.
_____/

## ORDER DENYING MOTION TO RECUSE, OR, ALTERNATIVELY, TO REFER THE MATTER

**THIS CAUSE** is before the Court on Defendant Roanne Eye's Motion to Recuse James I. Cohn, or in the Alternative, Refer the Matter to the Chief Judge or Else Disinterested Judge for Decision for Involuntary Disqualification [DE 100] ("Motion"). The Court has considered the Motion, the accompanying Affidavit [DE 101] and Memorandum [DE 102], the Government's Response [DE 105], and is otherwise advised in the premises.

Defendant seeks recusal of the undersigned on the basis that the Court lacks standing and jurisdiction and that Defendant has not been afforded time to put on her case. Defendant further contends that the undersigned's actions constitute misprision of treason and represent "extreme bias."

Pursuant to 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). According 28 U.S.C. § 144,

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time . . . .

28 U.S.C. § 144.

"The standard for disqualification under Section 455 is an objective one: whether a reasonable and informed observer would question the judge's impartiality." Ivey v. U.S. Dep't of Treasury, 517 F. Supp. 2d 455, 459 (D.D.C. 2007). "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583 (1966). "Thus, as a general rule, a judge's rulings in the same case are not valid grounds for recusal." Loranger v. Stierheim, 10 F.3d 776, 780 (11th Cir. 1994).

Defendant has failed to make the requisite showing of any extrajudicial source of bias or prejudice, nor does the Court find any such bias or prejudice. Defendant's affidavit fails to state any facts in support of her allegations. Further to the extent that Defendant's Motion seeks to change judges in attempt to find a judge who she believes will receive her arguments more favorably, the Court notes that "[a] motion to change judges is properly denied when it is essentially a judge shopping attempt to have a case reassigned to another judge in the hopes of obtaining a more favorable result." United States v. Williams, 624 F.3d 889, 894 (8th Cir. 2010) (citations and quotations omitted).

The Court does not find that any reasonable and informed observer would question the undersigned's impartiality in this matter. Therefore, the undersigned is not disqualified from hearing this case. "[A] federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." Laird v. Tatum, 409 U.S. 824, 837 (1972). Therefore, the undersigned has a duty to preside over this case. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Roanne Eye's Motion to Recuse James I. Cohn, or in the Alternative, Refer the Matter to the Chief Judge or Else Disinterested Judge for Decision for Involuntary Disqualification [DE 100] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 21st day of September, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
Roanne Eye, *pro se*, via CM/ECF regular mail