UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60004-CR-COHN/SELTZER

UNITED STATES OF AMERICA,

v.

ROANNE EYE,

    Defendant.
_____/

## ORDER DENYING DAVID EYE'S MOTION

**THIS CAUSE** is before the Court on David Eye's Notice in the Nature of a Writ of Alternative Mandamus [DE 160] ("motion").[1] The Court has considered the motion and is otherwise fully advised in the premises.

Mr. Eye filed his motion on behalf of his wife, Defendant Roanne Eye. Mrs. Eye was convicted by jury of twelve felony offenses, to wit: one count of interference with the administration of the tax laws and eleven counts of filing false claims. She is currently in custody pending her sentencing hearing.

Mr. Eye's motion must be denied because he is not permitted to file motions on his wife's behalf. "It is settled law that a defendant has the right to represent [her]self in a criminal trial and that [s]he has the right to the assistance of counsel." United States v. Daniels, 572 F.2d 535, 540 (5th Cir.1978) (citations omitted). "The criminal defendant does not have the right, however, to a 'hybrid representation,' partly by counsel and partly by [her]self." Id. The criminal defendant also does not have a right

---

[1] Mr. Eye also filed a Notice of Filing Judicial Notice [DE 159], which merely certifies that Mr. Eye sent copies of his motion to the Government's Attorneys and to this Court.

to representation by a lay person.  United States v. Bertolini, 576 F.2d 1133, 1133 (5th Cir. 1978); United States v. Arlt, 560 F.2d 200, 200 (5th Cir. 1977); United States v. Cooper, 493 F.2d 473, 474 (5th Cir. 1974).  Mrs. Eye remains represented by counsel. Therefore, any motions seeking relief on Mrs. Eye's behalf must be filed by her counsel.[2]  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that David Eye's Notice in the Nature of a Writ of Alternative Mandamus [DE 160] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of March, 2012.

                                                                    _____
                                                                    JAMES I. COHN
                                                                    United States District Judge

Copies provided to:
Counsel of record via CM/ECF

---

    [2]    Regardless, Mr. Eye's motion would fail on the merits because the Court has already addressed and rejected both of his requests.  First, Mr. Eye seeks an order dismissing this case for lack of jurisdiction, but Judge Seltzer already determined that the Court has jurisdiction over this case.  See Order [DE 60].  Second, Mr. Eye asks that the Court release Mrs. Eye from custody, but the undersigned already denied Mrs. Eye's request for release pending sentence.  See Order Denying Defendant's Motion for Release Pending Sentence [DE 158].